IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY BEN, | § | |
| TDCJ # 1252150, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2513 |
| | § | |
| RICHARD A. MORRIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Gregory Ben (TDCJ # 1252150), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Ben has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with a prison disciplinary conviction. Doc. # 1. Ben appears *pro se* and he seeks leave to proceed *in forma pauperis*. Doc. # 2. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Prison records reflect that Ben was convicted of aggravated assault with a deadly weapon and sentenced to ten years imprisonment in 2004. *See* TDCJ website, http://www.tdcj.state.tx.us. Ben has a projected release date of January 18, 2014. Ben

does not challenge his underlying conviction here.  Rather, he challenges the result of a prison disciplinary conviction entered against him at the Ellis Unit in Huntsville, Texas, where he remains in custody.

According to the complaint, Ben was charged with fighting with another inmate in violation of TDCJ rules.  Doc. # 1, p. 4.  He was convicted of the charges following a disciplinary hearing.  As a result, officials reduced Ben's classification and custody level and he forfeited  previously earned credit for good conduct .  *Id.*        B e n insists that he was the "victim" and that other inmate was aggressor.  He sues the following TDCJ officials for violating his right to due process:  (1) Warden Richard Morris; (2) Program Supervisor Betty Germany; (3) Captain Deleta Jones, the disciplinary hearing officer; and (4) the Unit Classification Committee.  Ben seeks compensatory damages for his wrongful punishment.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.   Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*.  28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact."  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

3

Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

## III.   DISCUSSION

Ben, who alleges that he was falsely charged and punished, seeks damages for his wrongful disciplinary conviction. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his

conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Ben concedes in his pleadings that his disciplinary conviction resulted in the loss of good-time credits. Ben also concedes that this conviction has not been overturned or otherwise invalidated. Because the allegations in Ben's civil rights complaint would, if true, imply the invalidity of his continued incarceration, his claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). To the extent that Ben seeks injunctive relief rather than monetary damages, his civil rights claims are likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998).

In any event, Ben's prison records indicate that he is about to be released after serving the entire ten year sentence for a crime involving the use of a deadly weapon. If the disciplinary proceeding has not adversely affected the amount of time that Ben must serve, he still fails to assert an actionable claim because a prisoner's challenges

5

to an administrative disciplinary proceedings are not actionable unless the disciplinary measures taken against the prisoner inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Given the difficulties in maintaining order in a prison, the courts are hesitant to interfere with the prison administration's handling of its disciplinary affairs. *See Rhodes v. Chapman*, 452 U.S. 347, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.").  Ben's allegation that he was charged with something that he did not do does not support an actionable claim. *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

To the extent Ben challenges his demotion in classification and custody status, the claim is not actionable in a civil rights proceeding because he does not have a constitutional right to a particular classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).  His classification is of little or no consequence in this proceeding because it does not alter his release date. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (" . . . it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty status.").  Moreover, a prisoner does not have a constitutional right to be

released prior to the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 99 S.Ct. 2100 (1979); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).

## IV   MOTION TO PROCEED IN FORMA PAUPERIS

Ben's motion to proceed *in forma pauperis* [Docket Entry No. 2] is **granted**. However, Ben is still obligated to pay the entire filing fee and shall pay it as soon as funds become available.  28 U.S.C. § 1915(b).  The TDCJ Inmate Trust Fund is **ordered** to withdraw $ 17.00 from Ben's inmate trust account (No. 1252150) and forward the funds to the Clerk.  Thereafter, the TDCJ-CID Inmate Trust Fund shall deduct 20 percent of each deposit made to Ben's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee ($350.00) has been paid.

## V.   MOTION FOR APPOINTED COUNSEL

Ben has moved for court appointed counsel.  Doc. # 3.  A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir.1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).  The appointment of counsel is not warranted unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*,

7

691 F.2d at 212-13).  Other than pointing to his pauper status and the fact of his

confinement, Ben asserts that the facts of his case are complex and that he has a

limited understanding of the law.  These circumstances are not atypical.  *McFaul v.*

*Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).

## VI.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  The plaintiff's request for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2.  The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Gregory Ben (TDCJ # 1252150) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), and this Memorandum and Order, until the entire filing fee ($350.00) has been paid.

3.  The motion for court appointed counsel [Doc. # 3] is **DENIED**.

4.  The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties.  The**

**Clerk will also provide a copy of this order by regular mail, facsimile**

**transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O.**

**Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate**

**Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-**

**4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division,**

**211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>August 30</u>, 2013.

Nancy F. Atlas
United States District Judge